UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00010-FDW

| REGINALD K. WATSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| FNU JENKINS, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]; see 28 U.S.C. § 1915(a).

On March 20, 2019, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. [Doc. 6]. Therefore, Plaintiff is proceeding in forma pauperis.

I. **BACKGROUND**

Pro se Plaintiff Reginald K. Watson, a North Carolina prisoner incarcerated at Marion Correctional Institution ("MCI") in Marion, North Carolina, filed this action on January 8, 2019, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following persons as Defendants: (1) FNU Jenkins, identified as the Director of Rehabilitative Diversion Unit ("RDU") Program at Marion Correctional Institution; and (2) FNU Swink, identified as a Program Director of the RDU Program

at MCI. [Doc. 1]. Plaintiff alleges that his Eighth Amendment constitutional rights are being violated because of the way the RDU program is run at MCI.[1]

In support of his claims, Plaintiff alleges the following:

> I was placed on the RDU program on 4-13-17. Any inmate that refuses to do the workbooks or go to the classes are kept in solitary indefinitely until they participate even if they don't catch any write ups. Anybody who refuses to do the classes are labeled "non-participants" and denied phone privileges even if you're not on restriction. If you're written up, you can be placed on cell restriction for 15-30 days without recreation and placed in full restraints to take a shower. State policy says that you can be placed on cell restriction for only up to 3 days. They say that the RDU policy overrides state policy and refuses to let inmates see the RDU policy.

[Doc. 1 at 2]. Plaintiff states that, as a result of this policy, he has been left in solitary confinement "for years longer than appointed by the DOC." He has also been "placed on cell restriction for extended amounts of time with no recreation and no shower." Plaintiff does not allege any other ways in which he has been personally affected by RDU program policy. [Doc. 1 at 4]. Plaintiff claims that his Eighth Amendment rights have been violated as a result of this situation.

As relief, Plaintiff requests certain policy changes to the RDU Program. [Doc. 1 at 6].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress

---

[1] The RDU program at Marion "was created as part of North Carolina Department of Public Safety's recent policy reforms regarding restrictive housing in the North Carolina prisons." Covington v. Lassiter, No. 1:16-cv-00387, 2017 WL 3840280, at *5 (W.D.N.C. Sept. 1, 2017). A full description and discussion of the RDU program at Marion can be found in Covington v. Lassiter, and this Court takes judicial notice of the Court's description of the RDU program in that action.

from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III.   DISCUSSION

For the following reasons, the Court finds that Plaintiff fails to state a cognizable claim for a violation of his rights under the Eighth Amendment to the United States Constitution.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.3d 1375, 1381 (4th Cir. 1993). Plaintiff's allegations regarding the conditions to which he was subjected while in the RDU program do not satisfy the very high standards for cruel and unusual punishment under the Eighth Amendment. See De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); Lattimore v. Doe, No. 1:13CV692, 2014 WL 197807, at **1-3 (M.D.N.C. Jan. 14, 2014).

Further, Plaintiff does not allege any facts showing that the restrictions of the RDU program posed an atypical and significant hardship in relationship to the ordinary incidents of prison life. Thus, Plaintiff also fails to state a due process claim or any other violation of any of his constitutional or other federal rights. Accord Hamilton v. Welton, No. 1:15-cv-963, 2015 WL 6453850, at *5 (W.D. Mich. Oct. 26, 2015); Taylor v. Clore, No. 7:07cv448, 2007 WL 2892681, at *3 (W.D. Va. Sept. 28, 2007).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's action is dismissed for failure to state a claim for an alleged violation of his constitutional or federal rights under Section 1983. See 28 U.S.C. § 1915(a).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] is **DISMISSED** with prejudice for failure to state a claim.
2. The Clerk is directed to terminate this action.

Signed: September 30, 2019

Frank D. Whitney
Chief United States District Judge